UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK MASHBURN,

       Plaintiff,

v.                                                     CASE NO. 3:17-cv-1202-J-32JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying his applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income.  In a decision dated July 21, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, within the meaning of the Social Security Act, from February 15, 2008, the alleged disability onset date, through the date of decision.  (Tr. 24–35.) Having considered the parties' memoranda and being otherwise fully advised, the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

undersigned respectfully **RECOMMENDS** that the Commissioner's decision be

**REVERSED and REMANDED** for further administrative proceedings.

## I.    Issues on Appeal

Plaintiff makes the following arguments on appeal:

> I.    The Administrative Law Judge ("ALJ") failed to apply the correct legal standards to Dr. Wylie's opinion.
>
> II.   The ALJ failed to apply the correct legal standards to Dr. Baptiste-Boles' opinion.

(Doc. 16 at 2.)

## II.   Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations

and quotations omitted).  "With respect to the Commissioner's legal conclusions,

however, our review is *de novo*."  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th

Cir. 2002).

### III.    The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "affective disorder; anxiety-related disorder; disorders of the spine; monovision (blind in right eye); and osteoarthritis."[2] (Tr. 26.)   At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.  (Tr. 26–28.) Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary or light work, with additional restrictions, including the mental restrictions that "he needs simple tasks with low stress and no production line; he needs to avoid contact with the public and coworkers (i.e., performing tasks that do not require assistance from others and that do not require him to assist others)." (Tr. 28.)  At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work.  (Tr. 33.)  However, at step five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform.  (Tr. 34–35.)  Therefore, Plaintiff was not disabled.  (Tr. 35.)

### IV.    Analysis

#### A.    Treating Physician

Plaintiff first argues that the ALJ failed to articulate good cause, supported by substantial evidence, for discounting the treating physician opinions of Dr.

---

[2] The sequential evaluation process is described in the ALJ's decision.  (Tr. 25–26.)

Chona deGracia-Wylie.  (Doc. 16 at 12–15.)  To discount the opinions of a treating doctor, the ALJ is required to provide "good cause."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014).  Good cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id.* at 1240–41.  The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it."  *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

In addressing the opinions of Dr. deGracia-Wylie, the ALJ stated:

> The opinions offered by treating source, Chona deGracia-Wylie, MD, are given limited weight because her assessments regarding the claimant's vocational abilities are more limiting than is supported by the evidence of record, specifically the treatment records showing generally intact attention, concentration and memory, as well as GAF [(Global Assessment of Functioning)] scores consistently at or near 60 (Exhibits B4F and B19F).  As a result, the undersigned finds that Dr. deGracia-Wylie's opinion only garners limited weight to the extent that it is consistent with the findings outlined herein as well as with the most recent evidence of record.

(Tr. 33.)

The undersigned agrees with Plaintiff that the ALJ's statement that Plaintiff had "GAF scores consistently at or near 60" is not supported by substantial

evidence.[3]  Although a majority of Plaintiff's GAF scores were at or near 60, the medical records reveal at least seven separate occasions, spanning the time period from 2008 until 2014, that Plaintiff had GAF scores of 50, indicating serious symptoms or impairments.[4]  (*See* Tr. 368, 372, 460, 464, 467, 494, 498 (GAF score of 51), 501.)  Therefore, the undersigned recommends that reversal and remand is required.

### B.    Examining Physician

Plaintiff's second argument is that the ALJ failed to state the weight he attributed to the consulting examination opinions of Dr. Raena Baptiste-Boles. (Doc. 16 at 15–17.)

In addressing the examination performed by Dr. Baptiste-Boles, the ALJ stated:

> In December 2013, the claimant underwent a consultative psychological examination performed by Raena Baptiste-Boles, PsyD, in connection with this claim.  The claimant endorsed the ability to complete most activities of daily living, but reported generally feeling a lack of motivation.  His mental status examination was fairly unremarkable.  He was assessed with bipolar disorder and a current GAF score of 51, which is consistent with the moderate range of functional

---

[3] The GAF scale generally provides in relevant part that a score of 41 through 50 indicates serious symptoms or any serious impairment in social, occupational, or school functioning; a score of 51 through 60 indicates moderate symptoms or moderate difficulty in such functioning; and a score of 61 through 70 indicates mild symptoms or some difficulty in such functioning.  Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (*DSM-IV*) 34 (4th ed. 2000).  The *DSM-5*, published in 2013, no longer contains the GAF scale.

[4] The Commissioner notes 15 occasions when Plaintiff's GAF score was 60 or 61. (*See* Doc. 17 at 6.)

limitation noted by Dr. deGracia-Wylie.  No specific functional limitations were noted or opinions provided, so it was not necessary to accord weight to this report (Exhibit B13F).

(Tr. 30.)

Plaintiff argues that Dr. Baptiste-Boles's summary of her examination does contain several opinions.  (Doc. 16 at 16–17.)  That summary provides:

> Mr. Mashburn is a single, Caucasian male, 46 years of age who appears to meet criteria for Bipolar I Disorder, Most Recent Episode Depressed, Severe with Psychotic Features.  The overall presentation appeared valid and consistent with the reported conditions.  The mental health symptoms based on report and clinical observations appear to be moderately to severely impacting activities of daily living, vocational performance, and interpersonal interactions.  Current prognosis for Mr. Masburn is fair with mental health treatment.  In regards to financial management, Mr. Masburn is not recommended to manage benefits and financial decisions.

(Tr. 498.)

In *Winschel*, the Eleventh Circuit stated:

> "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions."  20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).  Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight."  *Lewis* [*v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)]; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2).
>
> . . .

6

> Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

631 F.3d at 1178–79.

The undersigned agrees with Plaintiff that Dr. Baptiste-Boles's summary contains a number of opinions, such as that Plaintiff's "overall presentation appeared valid and consistent with the reported conditions"; that Plaintiff's symptoms appeared to be moderately to severely impacting him in a number of areas, including vocational performance; that Plaintiff's prognosis was fair with mental health treatment; and that Plaintiff should not manage benefits or make financial decisions. (Tr. 498.) Because the ALJ failed to state with particularity the weight given to these opinions, and why, the undersigned recommends that reversal and remand is required. *See Simpson v. Colvin*, Case No. 6:14-cv-2104-ORL-DAB, 2016 WL 233804, at *5 (M.D. Fla. Jan. 20, 2016) ("Dr. Suich found Plaintiff's presentation to be valid and consistent with traumatic brain injury, and that the symptoms of his condition were having a moderate to severe impact on his functioning, including vocational performance. . . . [T]he ALJ did not fully credit the opinion, but vaguely discounted it, to an unidentified extent. This is insufficient.").

### V.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1.    The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner, in accordance with this Order, to: (a) reevaluate the opinions of Dr. deGracia-Wylie; (b) re-evaluate the opinions of Dr. Baptiste-Boles; (c) reconsider Plaintiff's residual functional capacity if appropriate; and (d) conduct any further proceedings deemed appropriate.

2.    The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

3.    Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida, on June 13, 2018.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record